Sigler *v.* The State.

## WM. SIGLER *v.* THE STATE.

NAVIGABLE STREAMS. *Test.* The common law rule as to what is a navigable stream—viz: the flow and reflow of the tide—has never been recognized or adopted in this State as the test; but the civil law definition has been adopted, which is, that a navigable stream is one that is capable of being navigated, or is navigable in the common sense of the term.

Cases cited: Elder *v.* Burrus, 6 Hum., 358; Stuart *v.* Clark, 2 Swan, 15. Code cited: Sec. 4913.

### FROM SHELBY.

Appeal from the Criminal Court. JNO. R. FLIPPIN, Judge.

A. H. DOUGLASS for Sigler.

ATTORNEY-GENERAL HEISKELL for the State.

NICHOLSON, C. J., delivered the opinion of the court.

Sigler was indicted and convicted of a nuisance, in the Criminal Court of Shelby County, for cutting down trees and obstructing the navigation of Big Creek, in Shelby county. The facts agreed on and submitted to the court, were substantially the following:

Big Creek is about fifty miles in length, commencing in Tipton county and running into Shelby county until it empties into Loosahatchie river, which empties into Wolf river, the latter emptying into the Mississippi river at Memphis. It is about seventy feet from bank to bank, and the banks are high and steep. It is not navigable for boats of any size or tonnage, of its own proper waters, but that for the last fifteen years logs and timber have been run out from rises in the waters proper of said stream, by reason of rains and a rise from its headwaters; that these rises occur several times during each year, when logs are run out for eight or ten miles above the mouth of the creek by raftsmen. Whenever the Mississippi river is above its ordinary stage of water, it forces back the waters of the Wolfe and Loosahatchie rivers, and their waters are forced back into Big Creek, and raises the stream to such an extent that there is a depth of channel of from ten to fifteen feet, and small boats can and do navigate the waters of said creek during such times as the Mississippi is in such high state; and that the said creek is so raised during each year from one to three months at a time, and from one to three times during a year

That when the creek is so raised, tug boats, wood boats, and other small craft run up and down the creek for from seven to ten miles above its mouth, and by this means persons living along the banks and the public generally have a water communication with Memphis, and that by this means during each year, for the last fifteen years, large quantities of timber-logs, rafts, and cord-wood have been transported to Memphis.

It appears that, about seven miles above the mouth of the creek, five trees were cut down into the stream, in the presence of defendant and with his consent, he being the owner of the land on both banks, and that the navigation was thereby obstructed below the points to which small boats have gone, and from which timber, wood and rafts have been brought out.

Big Creek has never been declared navigable by act of the Legislature.

Upon these facts, Judge Flippin was of opinion that Big Creek was a navigable stream, and that defendant was guilty of a nuisance in obstructing it, for which he was fined $25. Defendant has appealed.

It is a public nuisance to obstruct or impede, without legal authority, the passage of any navigable river or collection of waters. Code, sec. 4913.

The question is, whether, under the facts agreed on, Big Creek is such a navigable collection of water as contemplated by the statute? The common law rule as to what is a navigable stream, namely, the flow and reflow of the tide, has never been recognized or adopted in our State as the test. *Elder* v. *Burrus,*

6 Hum., 358; *Stuart* v. *Clark*, 2 Swan, 15. But the civil law definition has been adopted, that is, rivers capable of being navigated, or navigable in the common sense of the term.

In the case of *Stuart* v. *Clark*, 2 Swan, 15, Judge McKinney says that the more appropriate criterion of a navigable river is, not the flow and reflow of the tide, but simply the fact whether the river, in its ordinary state of the water, is capable of and suited to the usual purposes of navigation by such vessels as are employed in the ordinary purposes of commerce, whether foreign or inland, and whether steam or sail.

This is the technical definition of navigable rivers, and upon this definition the rights of riparian owners are to be tested. If the river be technically navigable, the soil covered by the water, as well as the use of the stream, belongs to the public. But if the stream be not navigable, in the legal sense, the ownership of the bed of the stream is in the riparian proprietors; but still the public have an easement therein, for the purposes of transportation and commercial intercourse. And this easement, or "servitude of public interest," in the phrase of the Roman law, is as absolute and unlimited in the public, in reference to this class of rivers, as to rivers navigable in the technical meaning of the term.

In Angell on Highways, 45, it is said: "The ebb and flow is not the only test, nor is the public easement always formed upon usage or custom; the test is, whether there is in the stream capacity for use

Sigler *v.* The State.

for the purpose of transportation valuable to the public; and in this view it is not necessary that the stream should have a capacity for floatage at all seasons of the year, nor that it should be available for use against the current as well as with it. If, in its natural state and with its ordinary volume of water, either constantly or at regularly recurring seasons, it has such capacity that it is valuable to the public, it is sufficient."

According to the facts agreed on, it appears that for several months of each year Big Creek is well adapted to floating out timber rafts and logs, and when the Mississippi is above its ordinary height, that tugs and small boats can run up and down the stream, and that for a period of at least fifteen years, and probably more, the stream has been so used by the public. Upon these facts the Judge held that Big Creek was a navigable stream, and that defendant was guilty of a nuisance in obstructing it. We are of opinion that his conclusion is sustained by the facts and the law, and we affirm his judgment.